United States District Court
Southern District of Texas
**ENTERED**
January 11, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | Cr. No. 2:10-154 |
| | § | (Ca. No. 2:16-509) |
| JOEL MICHAEL GARCIA. | § | |

**MEMORANDUM OPINION AND ORDER**

Joel Michael Garcia (Garcia) filed motions to reconsider the Court's denial of his motion to reduce sentence. D.E. 41, 42.

Garcia was sentenced in 2010 to 168 months' imprisonment on one count of coercion and enticement of a child and one count of receipt and distribution of child pornography. His distribution count included a five level increase under U.S.S.G. § 2G2.2(b)(3). Garcia claims that Amendment 801 to the Sentencing Guidelines, which changes the language of U.S.S.G. §§ 2G2.1(b)(3) and 2G2.2(b)(3), should be applied to him. *See* United States Sentencing Comm'n Guidelines Manual 2016, Supp. to Appendix C. The change was effective on November 1, 2016.

As the Court previously explained, it is not authorized to reduce Garcia's sentence unless the reduction is authorized by 18 U.S.C. § 3582(c)(2). S*ee Freeman v. United States*, 564 U.S. 522, 526-27 (2011); *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). Garcia attempts to avoid that prohibition by arguing that his motion should be considered a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He cites *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000), in support. *Bravo* stands for the unremarkable proposition that claims for sentence reduction that are not related to retroactively applicable changes to the sentencing guidelines may not be brought under § 3582, but must be brought pursuant to § 2255.

Section 2255 motions are limited to 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). Although Garcia could not have appealed based upon the 2016 change in the guideline, the text change does not implicate the limited grounds of available relief, nor does it amount to a "complete miscarriage of justice."

Amendment 801, which now requires knowing distribution of child pornography, does not affect Garcia's sentence. Garcia distributed an image of child pornography via email with an undercover agent. He agreed to share additional images of child pornography in exchange for the undercover officer making a fictional 12-year-old girl available for sexual relations with Garcia. *See* D.E. 23, ¶ 6.[1] That conduct supports his sentencing enhancement for distribution in exchange for valuable consideration.[2] At the time Garcia was arrested (on his way to meet the undercover officer), he had in his possession a computer hard drive that contained over 1000 images of child pornography.

---

1. After sentencing, the Court adopted the PSR without change, despite Garcia's objections.

2. "Distribution" means any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor.
  "The defendant distributed in exchange for any valuable consideration" means the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child.

Garcia's motions to reconsider (D.E. 41, 42) are **DENIED**.

It is so **ORDERED** this 11th day of January, 2017.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

---

U.S.S.G. § 2G2.2(b)(3)(B), app. n. 1.